MISTY A. MURRAY (SB 196870)
Misty.Murray@maynardnexsen.com
MAYNARD NEXSEN LLP
10100 Santa Monica Boulevard, Ste. 550
Los Angeles, CA 90067
Telephone: 310.596.4500

Attorneys for Creditor/Plaintiff
Nippon Life Insurance Company of America

# UNITED STATES BANKRUPTCY COURT

# CENTRAL DISTRICT OF CALIFORNIA - RIVERSIDE DIVISION

| | |
|---|---|
| In re:<br><br>MICHAEL ANTHONY SANDOVAL,<br><br>Debtor. | Case No. 6:24-bk-15038-WJ<br><br>**Chapter 7**<br><br>**Adv. Proc. No.**<br><br>**COMPLAINT TO DETERMINE DISCHARGEABILITY OF DEBT UNDER 11 U.S.C. §§ 523(a)(2)(A), 523(a)(6), 727(2)(a), 727(c), 727(a)(4)(A) and 727(a)(5)** |
| NIPPON LIFE INSURANCE COMPANY OF AMERICA,<br><br>Creditor/Plaintiff,<br><br>v.<br><br>MICHAEL ANTHONY SANDOVAL,<br><br>Debtor/Defendant. | |

Creditor/Plaintiff Nippon Life Insurance Company of America ("Nippon"), a creditor in the above-captioned bankruptcy case, complaining of Debtor/Defendant Michael Anthony Sandoval ("Debtor"), alleges as follows:

1. This Court has jurisdiction over this action pursuant to 28 U.S.C. §§ 151, 157, and 1334. This matter is a "core proceeding" under the provisions of 28 U.S.C. § 157(b)(2)(I) and (J). Nippon consents to entry of final orders or judgment by this Court.

2. Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

3. Nippon is an Iowa corporation doing business in California and has a claim against the Debtor's estate.

4. The Debtor resides in this District and filed a petition in this Court for relief under Chapter 7 of the Bankruptcy Code on August 28, 2024 (the "Petition Date") initiating the Debtor's bankruptcy proceedings styled as *In re Michael Anthony Sandoval*, Case No. 6:24-bk-15038-WJ, pending in this Court (the "Bankruptcy Case").

5. Between 2020 and 2023, the Debtor initiated 19 lawsuits against various entities, including Nippon (*see* ¶ 7), asserting frivolous claims and causes of action for, among other claims, violations of the federal Americans with Disabilities Act (ADA) and California's Unruh Civil Rights Act. On information and belief, in these lawsuits, the Debtor asserted false claims to support his causes of action. The lawsuits were filed in California Superior Court, Riverside County and included: *Sandoval v. Centennial Resource Development* (CVRI2201433); *Sandoval v. Charles River Laboratories* (CVRI2200243); *Sandoval v. Try the CBD* (CVRI2100322); *Sandoval v. Watchshopping.com* (CVRI2200268); *Sandoval v. Alor International* (CVRI2200267); *Sandoval v. Catalyst Pharmaceuticals* (CVRI2200247); *Sandoval v. Calumet* (CVRI2200230); *Sandoval v. ABG HMX, LLC* (CVRI2200223); *Sandoval v. Jos. A. Banks* (CVRI2200218); *Sandoval v. Men's Wearhouse* (CVRI2200216); *Sandoval v. Emergildo Zegna* (CVRI2200214); *Sandoval v. Parachute Homes* (CVRI2104671); *Sandoval v. Restoration Hardware* (CVRI2104667); *Sandoval v. Medcare Farms 2.0* (CVRI2100892); *Sandoval v. Pot Guide* (CVRI2100397);

*Sandoval v. Twenty-Two Capital* (CVRI2100325); *Sandoval v. Boston Mutual Life* (CVRI2000316); *Sandoval v. Nippon Life Benefits* (CVRI2003903); and *Sandoval v. Xezo USA* (CVRI2200270). The Debtor knew, or reasonably should have known, that each of his asserted claims alleging violations of the federal ADA and California's Unruh Civil Rights Act were untrue at the time that they were filed.

6. On information and belief, the Debtor purposefully asserted fraudulent statements in these lawsuits to induce the responding party defendant to settle. As a result, Debtor acquired $103,200 in total under multiple settlement agreements, including: $7,000 from Charles River Laboratories; $8,000 from Watchshopping.com; $7,500 from Alor International; $9,000 from Catalyst Pharmaceuticals; $7,000 from Calumet; $8,500 from Jos. A. Banks; $8,500 from Men's Wearhouse; $7,000 from Emergildo Zegna; $7,000 from Parachute Homes; $8,000 from Restoration Hardware; $4,000 from Medcare Farms 2.0; $5,950 from Pot Guide; $7,250 from Twenty-Two Capital; and $8,500 from Boston Mutual Life. On information and belief, the Debtor used the proceeds from the settlements to purchase a home in Victorville, California (the "House") and a car (the "Car"). Those purchases occurred prior to May of 2023

7. On October 1, 2020, the Debtor initiated a frivolous lawsuit against Nippon by filing a complaint in California Superior Court, Riverside County, Case No. RIC2003903 (the "2020 Lawsuit"). In the 2020 Lawsuit, the Debtor alleged that Nippon had violated the federal Americans with Disabilities Act of 1990 and California's Unruh Civil Rights Act. However, the Debtor knew, or reasonably should have known, that his allegations were false.

8. The Superior Court dismissed the 2020 Lawsuit on February 23, 2021. On April 20, 2021, the Superior Court entered an order directing the Debtor to pay Nippon statutory attorney's fees in the total amount of $45,419.50 and costs in the amount of $1,450.99.

9. The Debtor appealed the Superior Court's decision to the California 4th District Court of Appeal. On December 12, 2022, the Court of Appeal issued a decision

upholding the Superior Court's order and the award of attorney's fees to Nippon. The Court of Appeal further ordered the Debtor to pay Nippon's attorney fees and costs incurred to defend the frivolous appeal. Fees and costs on appeal were entered against the Debtor and in favor of Nippon on March 27, 2023 in the amount of $31,871.85. Thus, the total amount Nippon is entitled to recover from Debtor equals $78,747.34 plus 10% per annum in post-judgment interest.

10. Following the Court of Appeal's decision, Nippon served the Debtor with a set of post-judgment interrogatories on May 4, 2023. The interrogatories demanded the disclosure of all the Debtor's assets, including personal property and real property.

11. On June 19, 2023, the Debtor provided Nippon with his interrogatory responses (the "Responses"), which were signed by his attorney and legal representative, Ryan M. Ferrell of Apex Trial Law ("Ferrell"). In his Responses, the Debtor only disclosed his ownership of a cryptocurrency account (the "Crypto Account") through Robinhood Markets, Inc. ("Robinhood") and a cash checking account (the "Chase Account") held with JP Morgan Chase Bank ("Chase").

12. The Debtor did **not** disclose any ownership interest in the House or the Car. Nor did the Defendant disclose a household income of $2,700. The Debtor purposefully and fraudulently withheld disclosure of these assets from Nippon. Because the Debtor intentionally failed to disclose his assets, Nippon was denied the opportunity to execute on its Judgment against the Debtor's House and Car.

13. On June 28, 2023, Nippon filed a Judgment Lien with California's Secretary of State. Notice of the Judgment was provided to the Debtor's counsel on June 28, 2023. Writs of Execution were issued to both Robinhood and Chase. Levy packages were also submitted to the Los Angeles County Sheriff's office and Sacramento County Sheriff's office.

14. In response to the Judgment Lien and Writ of Execution, Robinhood liquidated the Debtor's Crypto Account and sent a check for $11,373.09 to the

1 Sacramento Sheriff's office. The Sacramento Sheriff's office erroneously returned the proceeds of the liquidation to the Debtor (the "Proceeds").

15. When the Debtor received the Crypto Account Proceeds, they were still subject to Nippon's judgment lien and the writ of execution. The Debtor knew, or should have reasonably known, that the assets were still subject to the judgment lien and writ of execution. Upon receipt of the Proceeds, the Debtor intentionally transferred those assets to conceal them from Nippon's enforcement of the Judgment.

16. As a result of the Debtor's fraud, misrepresentations, and concealment, the Debtor filed his Chapter 7 bankruptcy Petition on August 28, 2024 and initiated this Bankruptcy Case to evade the effects of Nippon's Judgment.

17. As part of his Petition, the Debtor filed a Schedule, Form 106 A/B, listing his assets. Under Part 1, the Debtor listed his home in Victorville California, 12808 Mountain Shadows Court, Victorville, California 92392, with an estimated value of $456,300. Under Part 2, the Debtor listed his car, a 2018 Hyundai Sonata, with an estimated value of $7,472. Under Part 4, the Debtor listed a Chase Bank account with a "current" value of $100. The only other assets listed by the Debtor were household goods and furnishings, valued at $250, and clothes, valued at $100. The Debtor did not list any jewelry as an asset.

18. The Debtor also filed additional schedules listing his creditors, income, and expenses. As part of his Schedule I the Debtor lists a monthly household income of $2,700. The Debtor attributes the entire $2,700 to his spouse who he lists as "Disabled." The Debtor reported his own occupation as "Unemployed/disabled" and lists no income for himself. As part of his Schedule, the Debtor listed monthly expenses of $6,152.

19. Multiple discrepancies exist in the reported numbers on the Debtor's schedules. The Debtor fails to list any income even though he would presumably be eligible and entitled to public benefits as someone who is "disabled." The Debtor also failed to disclose any jewelry as assets on his Schedule A/B even though he lists a jeweler, SMC Daniels Jewelers as a creditor in Schedule E/F. Additionally, the Debtor's reported

4

numbers do not adequately reflect a household with $6,152 in monthly expenses but only $2,700 in monthly income.

20. Following the 341 creditors' meeting, the Chapter 7 Trustee reviewed the Debtor's disclosures and issued a "no asset" statement. But for the Debtor's misrepresentations, concealment and fraud, the Trustee would not have issued a "no asset" determination.

## COUNT 1

### Exception to Discharge Under 11 U.S.C. § 523(a)(2)(A)

### For Actual Fraud

21. The allegations of Paragraphs 1 through 20 above are incorporated herein by reference and restated as if set forth herein.

22. In response to Nippon's post-judgment interrogatories, the Debtor intentionally withheld and omitted the existence of the House and the Car from the list of his assets. The Debtor knew that he owned the House and Car and that it was his obligation to respond truthfully.

23. The Debtor knowingly and fraudulently made these omissions with the intent to hide his assets from and otherwise hinder delay and frustrate Nippon's good faith Judgment collection efforts.

24. Because Nippon did not have access to information about the Debtor's assets, Nippon had a right to rely on the Debtor's honest and accurate responses to the interrogatories to determine its Judgement enforcement strategy. Since the Debtor did not disclose his ownership of the House and Car in his post-judgment interrogatory responses, Nippon did not attempt to enforce its judgment against the House and Car.

25. The Debtor's actions were intended to induce Nippon to not attempt to enforce its Judgment against the House and Car.

26. Furthermore, the Debtor knowingly kept and converted the Proceeds that he knew were due and payable to Nippon.

27. Nippon justifiably relied on the Debtor's false Responses and representations because the falsity of the representations was not apparent, and the Debtor's conduct was intended to conceal their falsity.

28. Nippon has suffered damages in an amount of at least $78,747.34 plus accrued post-judgment interest as the proximate result of the Debtor's actions.

29. Nippon's claims against the Debtor constitute claims for money obtained by false pretenses, false representations or actual fraud, and are nondischargeable pursuant to 11 U.S.C. § 523(a)(2)(A).

## COUNT 2

### Exception to Discharge Under 11 U.S.C. § 523(a)(6)

### For Willful and Malicious Injury

30. The allegations of Paragraphs 1 through 20 above are incorporated herein by reference and restated as if set forth herein.

31. The Debtor willfully and maliciously injured Nippon by frivolously filing the 2020 Lawsuit against Nippon asserting facts the Debtor knew, or should have known, were untrue and fraudulent.

32. The Debtor knowingly and willfully asserted fraudulent claims against Nippon with the intent to leverage a quick monetary settlement for the Debtor's own benefit.

33. Upon information and belief, the Debtor never intended to fully litigate the 2020 Lawsuit against Nippon.

34. Based on the Debtor's willful and malicious conduct, Nippon was forced to vigorously defend itself in litigation and, in so doing, expended tens of thousands of dollars in resources and costs to do so.

35. The Debtor's conduct, as described above, constitutes willful and malicious acts to cause the resulting injury to Nippon.

36. As a result, Nippon has suffered harm and incurred damages.

37. Nippon's claims against the Debtor constitute claims for willful and malicious injury that are nondischargeable pursuant to 11 U.S.C. § 523(a)(6).

## COUNT 3

**Exception to Discharge Under 11 U.S.C. § 727(a)(2) and 727(c) For Concealment, Transfer or Removal of Property Within One Year Before the Date of Bankruptcy Filing**

38. The allegations of Paragraphs 1 through 20 above are incorporated herein by reference and restated as if set forth herein.

39. The Debtor gained access the Proceeds from the liquidation of his cryptocurrency from his Robinhood Crypto Account subject to a Judgment Lien and Writ of Execution.

40. The Debtor disposed of, removed, transferred and concealed the Proceeds from his Robinhood Crypto Account.

41. The Debtor had no right to the dispose of, remove, transfer or conceal the Proceeds subject to the Judgment Lien and the Writ of Execution.

42. The Debtor disposed of, removed, transferred, and concealed the Proceeds within one year before the date of the filing of his Petition for bankruptcy.

43. The Debtor disposed of, removed, transferred and concealed the Proceeds with an intent to hinder, delay and defraud Nippon.

44. As a result, Debtor's debt is nondischargeable pursuant to 11 U.S.C. §§ 727(a)(2) and 727(c).

## COUNT 4

**Denial of Discharge Under 11 U.S.C. § 727(a)(4)(A) For Knowingly and Fraudulently, in Connection with the Case—Made a False Oath or Account**

45. The allegations of Paragraphs 1 through 20 above are incorporated herein by reference and restated as if set forth herein.

46. The Debtor knowingly and fraudulently withheld disclosure of his assets, including his House and Car, as well as his household income in his Responses to Nippon's interrogatories during post-judgment discovery.

47. The Debtor intentionally withheld disclosure of his assets and income to prevent and/or delay Nippon from securing its debt or otherwise enforcing its Judgment Lien against the assets.

48. But for the Debtor's fraud, Nippon would have been able to secure its Judgment Lien against the Debtor's real and personal property.

49. The Debtor also knowingly and fraudulently withheld the disclosure of assets on his Schedules submitted in support of his Petition for bankruptcy.

50. The Debtor intentionally withheld disclosure to prevent the liquidation of his assets, and to deprive the estate of resources to distribute to the Debtor's creditors.

51. But for the Debtor's fraud, the Chapter 7 Trustee would not have issued a "no asset" determination and the Debtor's creditors would have been entitled to some manner of compensation for the Debtor's financial liabilities.

52. Due to the Debtor's fraud, his debt is nondischargeable pursuant to 11 U.S.C. § 727(a)(4)(A).

## COUNT 5

**Denial of Discharge Under 11 U.S.C. § 727(a)(5) For Failing To Satisfactorily Explain Loss or Deficiency of Assets to Meet the Debtor's Liabilities**

53. The allegations of Paragraphs 1 through 20 above are incorporated herein by reference and restated as if set forth herein.

54. The Debtor has not fully accounted for all of his assets in the Schedules submitted in support of his bankruptcy petition.

55. The Debtor withheld disclosing assets from his bankruptcy Petition, such as jewelry and other items of personal property.

56. Additionally, the Debtor has not provided sufficient explanation for the complete disappearance of the $103,200 in settlement payments he received from his 19 lawsuits.

57. The lack of satisfactory explanation for the loss or deficiency of the Debtor's assets denies the estate with funds to compensate the Debtor's creditors.

58. Due to the Debtor's inability to satisfactorily explain the loss or deficiency of his assets to meet his liabilities, the Debtor's debt is nondischargeable pursuant to 11 U.S.C. § 727(a)(5).

## **PRAYER FOR RELIEF**

WHEREFORE, Creditor respectfully requests that the Court grant relief in favor of Creditor and against Defendant as follows:

1. A declaration that Debtor's Judgment debt to Nippon is not dischargeable under Sections 523 and 727 of the Bankruptcy Code.
2. An order for Debtor to turn over the Proceeds to Nippon, or alternatively, to the Trustee.
3. That Nippon be awarded such other and further relief as this Court deems just, equitable, and proper.

DATED: December 2, 2024                MAYNARD NEXSEN LLP

*/s/ Misty A. Murray*
MISTY A. MURRAY
Attorneys for Creditor/Plaintiff
Nippon Life Insurance Company of America

9

**B1040 (FORM 1040) (12/15)**

| ADVERSARY PROCEEDING COVER SHEET<br>(Instructions on Reverse) | ADVERSARY PROCEEDING NUMBER<br>(Court Use Only) |
|---|---|
| **PLAINTIFFS**<br>Nippon Life Insurance Company of America | **DEFENDANTS**<br>Michael Anthony Sandoval |
| **ATTORNEYS** (Firm Name, Address, and Telephone No.)<br>Misty A. Murray, Maynard Nexsen LLP, 10100 Santa Monica Blvd., Los Angeles, CA 90067, (310)596-4500 | **ATTORNEYS** (If Known)<br>Brian J. Soo-Hoo, 601 Parkcenter Dr., Ste. 105, Santa Ana, CA 92705, (714) 589-2252 |
| **PARTY** (Check One Box Only)<br>☐ Debtor  ☐ U.S. Trustee/Bankruptcy Admin<br>☑ Creditor  ☐ Other<br>☐ Trustee | **PARTY** (Check One Box Only)<br>☑ Debtor  ☐ U.S. Trustee/Bankruptcy Admin<br>☐ Creditor  ☐ Other<br>☐ Trustee |
| **CAUSE OF ACTION** (WRITE A BRIEF STATEMENT OF CAUSE OF ACTION, INCLUDING ALL U.S. STATUTES INVOLVED)<br>Nondischargeability under 11 USC 523(a)(2)(A), 523(a)(6), 727(a)(2), 727(a)(4)(A) and 727(a)(5) | |

## NATURE OF SUIT

(Number up to five (5) boxes starting with lead cause of action as 1, first alternative cause as 2, second alternative cause as 3, etc.)

**FRBP 7001(1) – Recovery of Money/Property**
☐ 11-Recovery of money/property - §542 turnover of property
☐ 12-Recovery of money/property - §547 preference
☐ 13-Recovery of money/property - §548 fraudulent transfer
☐ 14-Recovery of money/property - other

**FRBP 7001(2) – Validity, Priority or Extent of Lien**
☐ 21-Validity, priority or extent of lien or other interest in property

**FRBP 7001(3) – Approval of Sale of Property**
☐ 31-Approval of sale of property of estate and of a co-owner - §363(h)

**FRBP 7001(4) – Objection/Revocation of Discharge**
☒ 41-Objection / revocation of discharge - §727(c),(d),(e)

**FRBP 7001(5) – Revocation of Confirmation**
☐ 51-Revocation of confirmation

**FRBP 7001(6) – Dischargeability**
☐ 66-Dischargeability - §523(a)(1),(14),(14A) priority tax claims
☒ 62-Dischargeability - §523(a)(2), false pretenses, false representation, actual fraud
☐ 67-Dischargeability - §523(a)(4), fraud as fiduciary, embezzlement, larceny

**(continued next column)**

**FRBP 7001(6) – Dischargeability (continued)**
☐ 61-Dischargeability - §523(a)(5), domestic support
☒ 68-Dischargeability - §523(a)(6), willful and malicious injury
☐ 63-Dischargeability - §523(a)(8), student loan
☐ 64-Dischargeability - §523(a)(15), divorce or separation obligation (other than domestic support)
☐ 65-Dischargeability - other

**FRBP 7001(7) – Injunctive Relief**
☐ 71-Injunctive relief – imposition of stay
☐ 72-Injunctive relief – other

**FRBP 7001(8) Subordination of Claim or Interest**
☐ 81-Subordination of claim or interest

**FRBP 7001(9) Declaratory Judgment**
☐ 91-Declaratory judgment

**FRBP 7001(10) Determination of Removed Action**
☐ 01-Determination of removed claim or cause

**Other**
☐ SS-SIPA Case – 15 U.S.C. §§78aaa *et.seq.*
☐ 02-Other (e.g. other actions that would have been brought in state court if unrelated to bankruptcy case)

| ☐ Check if this case involves a substantive issue of state law | ☐ Check if this is asserted to be a class action under FRCP 23 |
|---|---|
| ☐ Check if a jury trial is demanded in complaint | Demand $ 78,747.34 plus accrued and accruing interest |
| Other Relief Sought<br>$78,747.34 plus accrued and accruing post-judgment interest, costs and attorney's fees; 727 denial of discharge | |

**B1040 (FORM 1040) (12/15)**

| BANKRUPTCY CASE IN WHICH THIS ADVERSARY PROCEEDING ARISES | | | |
|---|---|---|---|
| NAME OF DEBTOR<br>Michael Anthony Sandoval | BANKRUPTCY CASE NO. 6:24-bk-15038-WJ | | |
| DISTRICT IN WHICH CASE IS PENDING<br>Central District of California | DIVISION OFFICE<br>Riverside | NAME OF JUDGE<br>Johnson | |
| RELATED ADVERSARY PROCEEDING (IF ANY) | | | |
| PLAINTIFF | DEFENDANT | ADVERSARY PROCEEDING NO. | |
| DISTRICT IN WHICH ADVERSARY IS PENDING | DIVISION OFFICE | NAME OF JUDGE | |
| SIGNATURE OF ATTORNEY (OR PLAINTIFF)<br><br>/s/ Misty A. Murray | | | |
| DATE<br>12/02/2024 | PRINT NAME OF ATTORNEY (OR PLAINTIFF)<br>Misty A. Murray | | |

## INSTRUCTIONS

The filing of a bankruptcy case creates an "estate" under the jurisdiction of the bankruptcy court which consists of all of the property of the debtor, wherever that property is located. Because the bankruptcy estate is so extensive and the jurisdiction of the court so broad, there may be lawsuits over the property or property rights of the estate. There also may be lawsuits concerning the debtor's discharge. If such a lawsuit is filed in a bankruptcy court, it is called an adversary proceeding.

A party filing an adversary proceeding must also must complete and file Form 1040, the Adversary Proceeding Cover Sheet, unless the party files the adversary proceeding electronically through the court's Case Management/Electronic Case Filing system (CM/ECF). (CM/ECF captures the information on Form 1040 as part of the filing process.) When completed, the cover sheet summarizes basic information on the adversary proceeding. The clerk of court needs the information to process the adversary proceeding and prepare required statistical reports on court activity.

The cover sheet and the information contained on it do not replace or supplement the filing and service of pleadings or other papers as required by law, the Bankruptcy Rules, or the local rules of court. The cover sheet, which is largely self-explanatory, must be completed by the plaintiff's attorney (or by the plaintiff if the plaintiff is not represented by an attorney). A separate cover sheet must be submitted to the clerk for each complaint filed.

**Plaintiffs** and **Defendants.** Give the names of the plaintiffs and defendants exactly as they appear on the complaint.

**Attorneys.** Give the names and addresses of the attorneys, if known.

**Party**. Check the most appropriate box in the first column for the plaintiffs and the second column for the defendants.

**Demand.** Enter the dollar amount being demanded in the complaint.

**Signature.** This cover sheet must be signed by the attorney of record in the box on the second page of the form. If the plaintiff is represented by a law firm, a member of the firm must sign. If the plaintiff is pro se, that is, not represented by an attorney, the plaintiff must sign.

| Attorney or Party Name, Address, Telephone & FAX Nos., State Bar No. & Email Address<br><br>MISTY A. MURRAY (SB 196870)<br>Misty.Murray@maynardnexsen.com<br>MAYNARD NEXSEN LLP<br>10100 Santa Monica Boulevard, Ste. 550<br>Los Angeles, CA 90067<br>Telephone: 310.596.4500<br><br>*Attorney for Plaintiff* | FOR COURT USE ONLY |
|---|---|

**UNITED STATES BANKRUPTCY COURT**
**CENTRAL DISTRICT OF CALIFORNIA - RIVERSIDE DIVISION**

| In re:<br>Michael Anthony Sandoval<br><br>Debtor(s). | CASE NO.: 6:24-bk-15038-WJ<br><br>CHAPTER: 7<br><br>ADVERSARY NO.: |
|---|---|
| Nippon Life Insurance Company of America,<br><br>Plaintiff(s)<br><br>versus<br><br>Michael Anthony Sandoval,<br><br>Defendant(s) | **SUMMONS AND NOTICE OF STATUS CONFERENCE IN ADVERSARY PROCEEDING [LBR 7004-1]** |

TO THE DEFENDANT:  A Complaint has been filed by the Plaintiff against you.  If you wish to defend against the Complaint, you must file with the court a written pleading in response to the Complaint.  You must also serve a copy of your written response on the party shown in the upper left-hand corner of this page.  The deadline to file and serve a written response is _____.  If you do not timely file and serve the response, the court may enter a judgment by default against you for the relief demanded in the Complaint.

A status conference in the adversary proceeding commenced by the Complaint has been set for:

**Hearing Date:** _____     **Address:**
**Time:** _____                    ☐ 255 East Temple Street, Los Angeles, CA 90012
**Courtroom:** _____               ☐ 3420 Twelfth Street, Riverside, CA 92501
                                      ☐ 411 West Fourth Street, Santa Ana, CA 92701
                                      ☐ 1415 State Street, Santa Barbara, CA 93101
                                      ☐ 21041 Burbank Boulevard, Woodland Hills, CA 91367

This form is mandatory.  It has been approved for use in the United States Bankruptcy Court for the Central District of California.

*December 2016*                    Page 1                    F 7004-1.SUMMONS.ADV.PROC

**You must comply with LBR 7016-1, which requires you to file a joint status report and to appear at a status conference.**  All parties must read and comply with the rule, even if you are representing yourself.  You must cooperate with the other parties in the case and file a joint status report with the court and serve it on the appropriate parties at least 14 days before a status conference.  A court-approved joint status report form is available on the court's website (LBR form F 7016-1.STATUS.REPORT) with an attachment for additional parties if necessary (LBR form F 7016-1.STATUS.REPORT.ATTACH).  If the other parties do not cooperate in filing a joint status report, you still must file with the court a unilateral status report and the accompanying required declaration instead of a joint status report 7 days before the status conference.  **The court may fine you or impose other sanctions if you do not file a status report.  The court may also fine you or impose other sanctions if you fail to appear at a status conference.**

                          **KATHLEEN J. CAMPBELL
CLERK OF COURT**

Date of Issuance of Summons and Notice of Status Conference in Adversary Proceeding: _____

                         By: _____
                                   Deputy Clerk

This form is mandatory.  It has been approved for use in the United States Bankruptcy Court for the Central District of California.

*December 2016*    Page 2    F 7004-1.SUMMONS.ADV.PROC

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is:

A true and correct copy (1) of the foregoing document entitled: **SUMMONS AND NOTICE OF STATUS CONFERENCE IN ADVERSARY PROCEEDING [LBR 7004-1]** and (2) the accompanying pleading(s) entitled:
_____
_____
will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

1. **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:  Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) _____, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

☐ Service information continued on attached page

2. **SERVED BY UNITED STATES MAIL**:
On (*date*) _____, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

3. **SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served):  Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) _____, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

_____        _____
*Date*       *Printed Name*                                                          *Signature*

This form is mandatory.  It has been approved for use in the United States Bankruptcy Court for the Central District of California.

*December 2016*                                                       Page 3                                                        **F 7004-1.SUMMONS.ADV.PROC**